UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEE A. GRIFFIN,

                    Petitioner,

    -vs-

GEORGE DUNCAN, Superintendent,

                    Respondent.
_____

**DECISION AND ORDER**
No. 03-CV-0202(VEB)

## INTRODUCTION

Petitioner, Lee A. Griffin ("Griffin"), proceeding *pro se*, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court on charges of first degree burglary and fourth degree grand larceny. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At about 1:19 a.m. on September 29, 1998, the police responded to 57 Warrington Drive in the Town of Brighton to investigate a complaint regarding a break-in. The homeowner/victim, Andy Dickenson ("Dickenson"), informed the police that someone had broken into his family's home and then had tried to flee in their Ford Aerostar minivan. In his haste, the burglar apparently drove the minivan into a small tree in the front yard, where it became lodged. Dickenson saw the suspect remove a bicycle from the minivan and ride away. Dickenson's wife described the suspect as a "male black with blue jeans and a dark and white colored striped shirt." The Dickensons confirmed that all of the items in the minivan had been removed from their home.

The police then fanned out to search for the suspect. At about 2:30 a.m., Griffin was spied on nearby street. Upon being asked by the officer to stop, Griffin dismounted, threw the bicycle at the officer, and started to flee on foot. More officers now joined the pursuit of Griffin on foot; he was finally apprehended at 3:19 a.m. A pat-down revealed that Griffin was wearing a fanny-pack containing credit cards issued in Mrs. Dickenson's maiden name along with various other items that the victims had reported missing.

Griffin's suppression hearing was unsuccessful. Following a jury trial, he was convicted as charged in the indictment and sentenced as a second felony offender to concurrent terms of imprisonment, the longest of which was twelve years. On direct appeal, the Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed his conviction, rejecting his contention that his arrest was without probable cause. The New York Court of Appeals denied leave to appeal.

This habeas petition followed in which Griffin raises one claim for habeas relief–that his arrest was without probable cause. Respondent asserts that this Fourth Amendment claim is not cognizable in a federal habeas proceedings. For the reasons set forth below, the petition is denied.

**DISCUSSION**

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 481-82 (1976) (emphasis added). Following *Stone v. Powell*, the Second Circuit developed a

"litmus test to discern when a state prisoner has been denied an opportunity for full and fair litigation of his fourth amendment claims." *Capellan v. Riley*, 975 F.2d 67, 69-71 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038 (1978). The panel in *Gates* observed that "'all that the [Supreme] Court required was that the state [ ] provide[ ] the *opportunity* to the state prisoner for a full and fair litigation of the Fourth Amendment claim . . . .'" *Id.* (quoting *Gates*, 568 F.2d at 839) (emphasis in original). The Second Circuit concluded that review of Fourth Amendment claims presented by habeas petitioners would be undertaken in only one of two instances: (a) if the State provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the State has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an "unconscionable breakdown in the underlying process." *Id.* (quoting *Gates*, 568 F.2d 840 and citing *McPhail v. Warden, Attica Correctional Facility*, 707 F.2d 67, 70 (2d Cir. 1983)). Notably, all that must be shown is that the State has provided an opportunity to litigate the petitioner's Fourth Amendment claim; it matters not whether the petitioner actually "took advantage of the State's procedure." *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002).

      Griffin does not contend that New York failed to provide a corrective procedure to redress his Fourth Amendment claim. Indeed, as the Second Circuit has noted, "the 'federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.* (McKinney 1984 & Supp.1988), as being facially adequate.'" *Capellan*, 975 F.2d at 70 n.1 (quoting *Holmes v. Scully*, 706 F. Supp. 195, 201 (E.D.N.Y. 1989) and citing *Gates*, 568 F.2d at 837 & n. 4; *Shaw v. Scully*, 654 F. Supp. 859, 864

(S.D.N.Y. 1987)).

Griffin instead contends that there was an "unconscionable breakdown" in the corrective process. He concedes that he was "afforded a full evidentiary hearing" but "disagrees as to its fairness." Petitioner's Traverse at 3 (Docket #12). At the outset, it bears noting that in discussing the "unconscionable breakdown" standard, the federal courts have envisioned it as a truly extraordinary disruption in the state's process. *See*, *e.g.*, *Cappiello v. Hoke*, 698 F. Supp. 1042, 1050 (E.D.N.Y.) (In short an unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society."), *aff'd*, 852 F.2d 59 (2d Cir. 1988) (*per curiam*)) (cited with approval in *Cappellan*, 975 F.2d at 70).

Griffin's allegations do not come close to meeting this standard. He first contends that "although hearsay is admissible in evidentiary hearings, the testimonies of at least one of the arresting officers' [*sic*] was indispensable to make for a finding of probable cause." Petitioner's Traverse at 3-4. Griffin then goes on to take issue with the factual findings of the suppression court, contending that they were "unreasonable." *Id.* at 4 (Docket #12). What Griffin's argument thus boils down to is merely an assertion that the state courts erred in determining the Fourth Amendment issues presented at the suppression hearing. This allegation is not sufficient to establish that "an unconscionable breakdown" occurred in the existing process in violation of Griffin's constitutional rights. *See Capellan*, 975 F.2d at 71 ("Even if [petitioner] were correct in his allegation that the Appellate Division erroneously decided this issue, a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result.") (citing *Gates*, 568 F.2d at 839).

The Second Circuit explained that reading *Stone v. Powell* as requiring the reviewing court "to focus on the correctness of the outcome resulting from the application of adequate state court corrective procedures, rather than on the existence and application of the corrective procedures themselves, . . . would be assuming, implicitly at least, that state courts were not responsible forums in which to bring constitutional claims such as is presented herein." *Capellan*, 975 F.2d at 71. According to the Second Circuit, *Stone v. Powell* "expressly discourage[d] [it] from making any such assumption." *Id.* (citing 428 U.S. at 493-94 n. 35) ("[W]e are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States."). Thus, Griffin's assertion that the Appellate Division erred in its ruling does not give this Court the authority to review his claims "since a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Id.* Accordingly, Griffin's Fourth Amendment claims are not cognizable in this federal habeas proceeding and must be dismissed.

## CONCLUSION

For the reasons stated above, petitioner Lee A. Griffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   July 21, 2006
         Buffalo, New York.